Case 91.—ACTION BY CRUMP & FIELD AGAINST MARY BROWN FIELD IN THE QUARTERLY COURT FOR THE APPOINTMENT OF A RECEIVER.—Nov. 1.

## Brown v. Crump & Field.

Appeal from an order of the Pike County Quarterly Court. Appeal dismissed.

Quarterly Courts—Order Appointing Receivers—Appeals to Court of Appeals—Jurisdiction—Section 298 of the Civil Code, which provides that "the order of a court or the judge thereof appointing or refusing to appoint a receiver shall be deemed a final order for the purpose of an appeal to the Court of Appeals," refers to orders of the circuit court or a judge of the circuit, and not to orders made by a judge of the quarterly court. In cases like this the appeal lies from the quarterly court to the circuit court and from the circuit court to this court.

. J. S. CLINE for appellant.

The appellant asks that this case be reversed for many reasons the seventh one being: Because the quarterly court had no jurisdiction of the matter in controversy, and its action was unauthorized and void.

OPINION BY CHIEF JUSTICE HOBSON—Dismissing Appeal.

Crump & Field filed this suit in the Pike quarterly court charging that they were in the wholesale grocery business and had sold goods to Lacy Cassady, who was engaged in the retail grocery business, to the amount of $182; that the debt was unpaid; that Cassady had sold his entire stock of goods to Mary Brown, and that neither Mary Brown nor Cassady

had complied with the act of March 8, 1904, regulating the sale in gross of stocks of goods; that under the act, Mary Brown held the stock for the use and benefit of the creditors of Cassady, and was liable to them for their debt. See acts 1904, p. 72, c. 22. On the next day, upon notice to Mary Brown, the judge of the quarterly court made an order placing the stock of goods in the hands of a receiver, on the ground that it was in danger of being lost, moved, or materially injured. To this order she excepted, and prayed an appeal to this court, which was granted. This is the appeal before us.

The only question we deem it necessary to consider is whether we have jurisdiction of the appeal. Title 8 of the Civil Code of Practice regulates provisional remedies. Chapter 5 of this title regulates the appointment of receivers. Sec. 290 of the code, which is a part of this chapter authorizing the appointment of a receiver, contains these words: ''The order of a court, or of the judge thereof, appointing or refusing to appoint a receiver, shall be deemed a final order for the purpose of an appeal to the Court of Appeals.'' Title 16 of the Code regulates quarterly, police, county and justices' courts. By section 700, which is part of this title, the provisions of the Civil Code of Practice regulate proceedings in civil actions in quarterly courts, except as provided in that chapter. Section 721 provides for the trial of an action in which an order for a provisional remedy is made, and, by sections 724-731, appeals from judgments of these courts are regulated. Title 18 of the Code regulates appeals to the Court of Appeals. Reading together these several provisions of the Code, we think it evident that appeals from the orders of the quarterly court are to be taken to the circuit court and not to this court, and that the language quoted from section 298 refers to orders of the circuit court or a judge

of the circuit court, and not to orders made by a judge of the quarterly court, a police judge, or a justice of the peace. This construction of the Code is borne out by section 950, Ky. St. 1903, which provides that no appeal shall be taken to this court "from any order or judgment of a quarterly, city, police, fiscal, or justice's court." The legislative intent in the words quoted from section 298 of the Civil Code of Practice is to make the order appointing a receiver final for the purpose of an appeal to the Court of Appeals, in those cases where this court would have jurisdiction. It will be observed that section 298 does not confer jurisdiction upon this court in such cases. It simply makes the order a final order for the purpose of an appeal. The state of case in which this court will have jurisdiction is not regulated by section 298. This is regulated by the other provisions referred to. In cases like this the appeal lies from the quarterly court to the circuit court, and from the circuit court to this court.

We therefore conclude that we have no jurisdiction of the appeal, and it is accordingly dismissed.